UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS ABREU,

                          Plaintiff,

    v.                                                      9:15-CV-1306
                                                             (TJM/CFH)

MR. MILLER, et al.,

                          Defendants.

---

APPEARANCES:

CARLOS ABREU
99-A-3027
Plaintiff, pro se
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. BARBARA D. UNDERWOOD        RYAN L. ABEL, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

THOMAS J. MCAVOY
Senior United States District Judge

# DECISION AND ORDER

## I.    INTRODUCTION

      Plaintiff Carlos Abreu commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). Plaintiff also requested leave to proceed in forma pauperis. Dkt. No. 7

("IFP Application").[1] By Decision and Order filed on June 22, 2017, and upon sua sponte reconsideration, plaintiff's IFP Application was granted, and after screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court dismissed several claims and defendants from this action, and found that the following claims survived sua sponte review and required a response: (1) the Eighth Amendment excessive force claims against defendants Bascue, Eastman, Gontea, Lyon, John Doe # 1, John Doe # 2, John Doe # 3, and John Doe # 4; (2) the Eighth Amendment sexual assault claim against defendant John Doe # 1; (3) the Eighth Amendment failure to protect claims against defendants Annucci, Bascue, John Doe Director of Inmate Movement and Control, Eastman, Melecio, Miller, and Venettozzi; (4) the Eighth Amendment medical indifference claims against defendants Abozny, Bascue, Eastman, Gontea, Ives, Lyon, Miller, Walken a/k/a Walking, John Doe # 1, John Doe # 2, John Doe #3, and John Doe # 4; and (5) the Eighth Amendment conditions of confinement claims against defendants Bascue, Eastman, and Miller. Dkt. No. 28 (the "June 2017 Order").

Presently before the Court is plaintiff's motion requesting preliminary injunctive relief to address the conduct of officials employed at Marcy Correctional Facility ("Marcy C.F."), and assignment of counsel. Dkt. No. 72. Defendants Annucci, Bascue, Eastman, Gontea, Lyon,

---

[1] By Decision and Order filed on January 13, 2016, plaintiff's IFP Application was denied because plaintiff had acquired at least "three strikes" for purposes of 28 U.S.C. § 1915(g) and the Court concluded that plaintiff did not allege facts to entitle him to invoke the imminent danger exception set forth in 28 U.S.C. § 1915(g). Dkt. No. 11 (the "January 2016 Order"). Thereafter, and because plaintiff did not pay the filing fee, Judgment was entered dismissing this action without prejudice in accordance with the January 2016 Order. Dkt. No. 12 (the "March 2016 Judgment"). Plaintiff filed a notice of appeal to the Second Circuit Court of Appeals from the March 2016 Judgment. Dkt. No. 13. Plaintiff thereafter filed a motion to vacate the March 2016 Judgment. Dkt. No. 16. By Order dated July 25, 2016, issued as a Mandate on August 30, 2016, the United States Court of Appeals for the Second Circuit vacated the March 2016 Judgment and remanded this action to the District Court. Dkt. No. 19.

Melecio, Miller, Venettozzi, and Watkins have opposed plaintiff's motion, *see* Dkt. No. 76,[2] and plaintiff has submitted a reply in further support of his motion. *See* Dkt. No. 80.

## II. MOTION FOR PRELIMINARY INJUNCTION

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of

---

[2] The Office of the New York State Attorney General has not made an appearance on behalf of defendants Nabozny and Ives. *See* Dkt. No. 75.

an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff is incarcerated at Marcy C.F. *See* Dkt. No. 80-1 at 1. Plaintiff's motion seeks court intervention to address (1) an order recently implemented by a "C.O. Johnson" and upheld by supervisory officials that restricts plaintiff's access to law library services, legal supplies, legal materials, and legal mail, and (2) denials of meals and recreation by "C.O. Johnson" beginning on May 16, 2018. *See generally*, Dkt. No. 72. Plaintiff claims that, as a result of the order implemented by C.O. Johnson, he has not received legal mail from the Court and the New York Attorney General's Office, and has been unable to timely respond to the summary judgment motion filed by the defendants in this case. *Id*.

Defendants Annucci, Bascue, Eastman, Gontea, Lyon, Melecio, Miller, Venettozzi, and Watkins oppose the motion arguing, among other things, that (1) plaintiff has failed to show irreparable harm because the order implemented by a "C.O. Johnson" (hereinafter, the "deprivation order") does not prevent plaintiff from accessing legal materials in order to comply with a court-imposed deadline, (2) plaintiff is unable to demonstrate a likelihood of

4

success on the merits or sufficiently serious questions going to the merits because plaintiff's complaint does not include any claims related to the denial of food or recreation, or access-to-the-courts, and (3) the conduct giving rise to the complaint arose while plaintiff was housed at Great Meadow C.F. in 2015, and bears no relationship to the conduct that is the subject of plaintiff's motion. Dkt. No. 76-10 at 5-8.[3]

Construing the motion liberally, plaintiff claims that he has been denied meals and recreation by "C.O. Johnson" in violation of the Eighth Amendment, and that "C.O. Johnson" and other officials at Marcy C.F. have interfered with his legal mail and access to the courts in violation of the First Amendment. Plaintiff's motion is subject to dismissal for several reasons.

First, even assuming the alleged violation of plaintiff's constitutional rights satisfies plaintiff's burden to demonstrate irreparable harm, plaintiff has failed to demonstrate a "clear and substantial" showing of a likelihood of success on a claim against "C.O. Johnson" or any other official at Marcy C.F. based on restricting plaintiff's access to legal materials and legal mail because plaintiff has failed to demonstrate that he has suffered an actual injury as a result of these restrictions. *See Amaker v. Fischer*, 453 Fed. App'x 59, 63-64 (2d Cir. 2011) (affirming denial of motion for preliminary injunction based on lack of standing, noting that "[t]o establish standing for a claim for the denial of access to the courts, an inmate must show that he has suffered an 'actual injury' traceable to the challenged conduct of prison officials[,]" and the plaintiff "failed to show that he suffered an 'actual injury' as a result of the

---

[3] The responding defendants have also submitted a declaration from Mark Kinderman, Deputy Superintendent of Programs at Marcy C.F., which address plaintiff's claims related to "the library deprivation order." *See* Dkt. No. 76 at 1-6.

personal property limitation placed on him by DOCS's policy"); *Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) ("[I]n order to survive a motion to dismiss [an access-to-the-courts claim] a plaintiff must allege not only that the defendant's conduct was deliberate . . . , but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Similarly, plaintiff has failed to demonstrate a "clear and substantial" showing of a likelihood of success on a claim against "C.O. Johnson" based on him allegedly denying plaintiff access to recreation and meals because plaintiff has not indicated the frequency or duration of these alleged deprivations with any amount of specificity. *See Purdie v. Supervisor*, No. 9:09-CV-0951, 2010 WL 148639, at *4 (N.D.N.Y. Jan. 13, 2010) (plaintiff failed to submit proof or evidence to demonstrate a likelihood of success on the merits; plaintiff's affidavit requesting injunctive relief was insufficient); *Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *see also Parker v. Peek-Co*, No. 9:06-CV-1268 (GLS/DEP), 2009 WL 211371, at *4 (N.D.N.Y. Jan. 27, 2009) (plaintiff's claim that he was "deprived of two meals on that date is de minimis and does not rise to a level of constitutional significance"); *Cagle v. Perry*, No. 9:04-CV-1151 (TJM/GHL), 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe to rise to the level of an Eighth Amendment violation"); *Gamble v. City of New York ex rel. NYC Department of Correction*, No. 04-CV-10203, 2009 WL 3097239, at *4-5 (S.D.N.Y. Sept. 25, 2009) ("[d]eprivations of exercise must

6

be limited to unusual circumstances or situations where restrictions are needed for disciplinary reasons . . . [, but] [s]poradic infringement of the right to exercise does not rise to the level of to a constitutional deprivation").

Second, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); *Mitchell v. New York State Dep't of Corr. Servs*., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").

Here, plaintiff's claims that staff at Marcy C.F. have failed to provide him with meals and recreation and interfered with his legal mail and access to the courts are not sufficiently related to the remaining claims in the complaint that plaintiff's Eighth Amendment rights were violated while he was incarcerated at Great Meadow C.F. *Compare* Dkt. No. 72 *with* Compl.

Third, plaintiff seeks injunctive relief against staff at Marcy C.F. who are not defendants in the present action. The law is well-settled that injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."); *Dizak v. Hawks*, No. 9:15-CV-1171 (LEK/TWD), 2016 WL 4702438, at *2-3 (N.D.N.Y. Sept. 8, 2016) ("The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. . . . To the extent that Plaintiff seeks injunctive relief against persons who are not parties to this action, the Court lacks personal jurisdiction to enjoin their actions.")

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 72) is denied.[4]

## III.  MOTION FOR COUNSEL

Plaintiff seeks appointment of counsel apparently to remedy harm he may suffer as a

---

[4] Plaintiff is advised that concerns regarding his current conditions of confinement at Marcy C.F. should be addressed through administrative channels at Marcy C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.

result of the deprivation order. There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61. This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

Here, plaintiff cannot show that his position is likely to be of substance because the

9

deprivation order does not relate to any pending claims in this action, and does not involve the actions of any remaining defendants. Moreover, defendants have indicated that the deprivation order does not prevent plaintiff from accessing legal materials in order to comply with a court-imposed deadline. *See* Dkt. No. 76 at 4.

In addition, to the extent plaintiff's motion can be construed as seeking appointment of counsel to litigate the pending claims in this case, at this stage of the proceeding, the dispute is limited to plaintiff's Eighth Amendment claims, none of which present overly complex issues. Moreover, the record currently before the Court indicates that plaintiff has an ability to investigate pertinent facts and present his case. It is also highly probable that the Court will appoint trial counsel at the final pretrial conference should one or more of plaintiff's claims survive defendants' motion for summary judgment, and the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For all of these reasons, plaintiff's motion for appointment of counsel is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 72) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 72) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: August 7, 2018

Thomas J. McAvoy
Senior, U.S. District Judge