UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS ABREU,

        Plaintiff,

  v.                                                  9:15-CV-1306
                                                       (TJM/DJS)
MR. MILLER, *et al.*,

        Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge


**DECISION & ORDER**

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Daniel J. Stewart, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In his Report-Recommendation and Order (Dkt. No. 82) ("Rep. Rec."), Magistrate Judge Stewart recommends that Defendants' motion for summary judgment (Dkt. No. 53) be granted in part and denied in part. In this regard, Magistrate Judge Stewart recommends that Plaintiff's Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims be dismissed; that Plaintiff's Eighth Amendment excessive force and sexual assault claims arising from conduct occurring on October 28, 2015 in the Great Meadow Correctional Facility's Mental Health Unit ("MHU") observation cells area be permitted to proceed; and that Defendants Annucci, Miller, Eastman, Melecio, Nabozny,

1

Ives, Venettozzi, and Watkins, be dismissed from this action. *Id.* Defendants filed objections to the recommendation that Plaintiff's Eighth Amendment excessive force claim be allowed to proceed. Dkt. No. 86. Plaintiff filed a notice of change of address, but did not object to the recommendations or oppose Defendants' objections. See Dkt. No. 87.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

The district court may also adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985); Fed. R. Civ. P. 72 advisory committee's note (b).

## III. DISCUSSION

### a. Portions of Rep. Rec. With No Objections

After examining the record, the Court has determined that those portions of the Report-Recommendation and Order to which no objections have been made are not subject

to attack for clear error. Accordingly, the Court adopts those portions of the Report-Recommendation and Order for the reasons stated therein.

### b. Portion of Rep. Rec. With Objections

Defendants filed objections to Magistrate Judge Stewart's recommendation that Plaintiff's Eighth Amendment excessive force claim be allowed to proceed. On this issue, Magistrate Judge Stewart recommended the denial of Defendants' motion addressed to whether Plaintiff exhausted his administrative remedies on his Eighth Amendment excessive force and sexual assault claims arising from conduct occurring on October 28, 2015 in the Great Meadow Correctional Facility's MHU observation cells area. Magistrate Judge Stewart reasoned that because the alleged physical assault occurred immediately before the alleged sexual assault and involved all of the same individuals, Plaintiff's allegations "'concern[ed] an incident of sexual abuse or sexual harassment' and thus are subject to the [less onerous] exhaustion requirement outlined in [DOCCS] Directive 4040." Rep. Rec. at 12 (quoting Directive 4040).

> Directive 4040 provides:
>
> The Department has zero tolerance for sexual abuse and sexual harassment. Consistent with this policy and the Prison Rape Elimination Act (PREA) Standards (28 C.F.R. § 115.52(a)), an inmate is not required to file a grievance concerning an alleged incident of sexual abuse or sexual harassment to satisfy the Prison Litigation Reform Act ("PLRA") exhaustion requirement (42 U.S.C. § 1997e(a)) before bringing a lawsuit regarding an allegation of sexual abuse as long as the matter was reported as set forth below.

7 N.Y.C.R.R. § 701.3(i); *see also Henderson v. Annucci*, 2016 WL 3039687, at *3 (W.D.N.Y. Mar. 14, 2016)*.*

.

3

Directive 4040 further provides for an abbreviated exhaustion requirement in order to satisfy the exhaustion requirements of the PLRA prior to commencing a lawsuit regarding an allegation of sexual abuse. *See* Rep. Rec. at 12. Under this directive, "any allegation concerning an incident of sexual abuse . . . shall be deemed exhausted if official documentation confirms that: (1) An inmate who alleges being the victim of sexual abuse or sexual harassment reported the incident to facility staff . . . ." 7 N.Y.C.R.R. § 701.3(i)(1).

Defendants argue that neither the PREA nor Directive 4040 intended that a non-sexual physical assault would be subject to the same abbreviated exhaustion requirement as a claim of sexual abuse. In support of this argument, Defendants cite to the definitions of the terms "sexual abuse" and "sexual harassment" used in Directive 4040, which limit such terms to specifically-defined acts of sexual contact. *See* 7 N.Y.C.R.R. § 701.2(j); 28 C.F.R. § 115.06. Defendants argue that because these definitions do not include punching or kicking, which is the conduct that allegedly preceded Plaintiff's alleged sexual assault, applying the abbreviated exhaustion requirement of Directive 4040 to physical assaults would be inconsistent with the PLRA's exhaustion requirements. Defendants further argue that to allow inmates like Plaintiff "to circumvent the administrative remedy procedure with regard to excessive force claims by simply alleging contemporaneous sexual assault or harassment" would "undermine the effectiveness of the administrative grievance structure." Obj. at. 4. Furthermore, they argue that because a complaint of sexual abuse or sexual harassment can be submitted by an inmate at any time, an inmate could undercut the time limits for grieving a claim of excessive force simply by combining it with a claim of sexual abuse or sexual harassment.

The Court is sympathetic to Defendants' concerns about the impact on the overall

prison grievance system that could result from decisions allowing wholly unrelated physical assault claims to proceed under Directive 4040's abbreviated grievance protocol. But, as Magistrate Judge Stewart correctly found, at this stage of the litigation it is unclear whether all of the alleged conduct on October 28, 2015 in the MHU observation cells area concerned "an incident" of alleged sexual abuse that "included the physical assault." Rep. Rec. at 12. It may well be that the physical assault was discrete from the sexual assault, but it may also be that the sexual assault was carried out by physically assaulting Plaintiff, perhaps to overcome his resistance to the sexual conduct. The answer to whether there were two discrete acts, or a single sexual assault that involved physical contact, cannot be answered on the papers. Further, because this issue is raised on Defendants' motion for summary judgment, the allegations must be construed in the light most favorable to Plaintiff with reasonable inferences drawn in his favor. Doing so supports the conclusion that there was a single incident.[1]

The Court also considers Defendants' objection that "[i]t is not possible that Plaintiff exhausted his administrative remedies in the short period of time between the occurrence of the incidents alleged in the Complaint and the date on which Plaintiff commenced the present action." Obj. at 2. This argument is rejected for the reasons discussed by Magistrate Judge Stewart at pages 12-13 of the Report-Recommendation and Order, which the Court adopts.

For these reasons, Defendants' objections are overruled.

---

[1] If, at trial, the facts establish that the alleged physical assault and the alleged sexual assault were separable acts, Defendants is free to move under Fed. R. Civ. 50 for a judgment as a matter of law on the grounds that Plaintiff failed to exhaust his administrative remedies on the physical assault claim.

## IV. CONCLUSION

For the reasons set forth above, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation and Order (Dkt. No. 82) for the reasons stated therein. Therefore, is hereby

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 53) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Plaintiff's Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Plaintiff's Eighth Amendment excessive force and sexual assault claims arising from conduct occurring on October 28, 2015 in the Great Meadow Correctional Facility's Mental Health Unit ("MHU") observation cells area are permitted to proceed. To the extent Plaintiff asserts an Eighth Amendment excessive force claim based on his allegations that Sgt. Bascue grabbed him by the neck and pushed his head into the wall while in an interview room in the MHU before Plaintiff was moved to the observation cells area on October 28, 2018, the claim is **DISMISSED** for failure to exhaust administrative remedies; and it is further

**ORDERED** that Defendants Annucci, Miller, Eastman, Melecio, Nabozny, Ives, Venettozzi, and Watkins, are **DISMISSED** from this action.

**IT IS SO ORDERED.**

Dated: September 20, 2018

Thomas J. McAvoy
Senior, U.S. District Judge