**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CARLOS ABREU,**

        **Plaintiff,**

  v.                                                    **9:15-CV-1306**
                                                            **(TJM/DJS)**
**MR. MILLER,** *et al.*,

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

### I. INTRODUCTION

Plaintiff Carlos Abreu moves for reconsideration of the Court's September 20, 2018 Decision and Order (Dkt. No.88) that adopted the recommendations in Magistrate Judge Stewart's August 16, 2018 Report- Recommendation and Order (Dkt. No. 82 ). *See* Dkt. No. 91 (Mot. for Recon.), at 7 ("For this reasons [*sic*], I am sending to you this letter motion for [*sic*] vacate & reconsideration of the Decision/Order of Sept. 20, 2018."). Defendants have not responded to Plaintiff's motion.[1] For the reasons that follow, reconsideration is granted and the Court issues the instant decision to supersede the September 20, 2018 Decision and Order.

---

[1]Although Plaintiff filed an interlocutory appeal on August 15, 2018 (Dkt. No. 84), the United States Court of Appeals for the Second Circuit recently stayed appellate proceedings pending resolution of the instant motion. *See* Dkt. No. 98 (01/10/19 Initial Notice of Stay of Appeal).

1

## II. DISCUSSION

### a. Background

Magistrate Judge Stewart's September 16, 2018 Report-Recommendation and Order addressed Defendants' motion for summary judgment (Dkt. No. 53).[2] The motion was based upon Plaintiff's alleged failure to exhaust his administrative remedies prior to filing this action. *See* Rep. Rec. & Ord., at 2. Addressing the exhaustion arguments, Magistrate Judge Stewart recommended that Plaintiff's Eighth Amendment excessive force and sexual assault claims arising from conduct occurring on October 28, 2015 in the Great Meadow Correctional Facility's Mental Health Unit ("MHU") observation cells area be permitted to proceed; that Plaintiff's Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims be dismissed; and that Defendants Annucci, Miller, Eastman, Melecio, Nabozny, Ives, Venettozzi, and Watkins be dismissed from the action*. See generally, id.* Defendants objected to the recommendation that Plaintiff's Eighth Amendment excessive force and sexual assault claims be permitted to proceed. The Court conducted a *de novo* review of that portion of the motion addressed to the excessive force and sexual assault claims, and determined to adopt Magistrate Judge Stewart's recommendation concerning the conduct occurring in the MHU observation cells area. *See* 09/20/18 Dec. & Ord. at 3-5. Defendants have not sought reconsideration nor does Plaintiff challenge this decision in his motion for reconsideration. Accordingly, the Court stands by its decision on these claims for the

---

[2] Magistrate Judge Stewart also addressed Plaintiff's cross-motion for sanctions, which he denied. Only Magistrate Judge Stewart's recommendations relative to the summary judgment motion are before the Court.

reasons explained in the September 20, 2018 Decision and Order. *See id.*

In reviewing Magistrate Judge Stewart's recommendations for dismissal of Plaintiff's Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims, the Court noted that Plaintiff had submitted a notification of his change of address but did not submit objections. Accordingly, the Court reviewed Magistrate Judge Stewart's recommendations to dismiss these claims under the clear error standard, found none, and adopted the recommendations.

Plaintiff now argues that, after the Report-Recommendation and Order was issued, he was transferred to Great Meadow Correctional Facility. He claims he drafted objections to the dismissal recommendations which, he contends, he gave to Behavioral Health Unit corrections officers to be placed in the outgoing mail. He maintains that the Great Meadow corrections officers must have tampered with his mail and prevented delivery of his objections.

**b. Reconsideration**

Although Plaintiff does not present a sworn statement or an affidavit of service supporting his contention that he gave his objections to corrections officers to be mailed to the Court, the Court considers Plaintiff's *pro se* status and, in an abundance of caution, assumes that Plaintiff drafted objections and attempted to arrange delivery through Great Meadow corrections officers. This is sufficient for the Court to reconsider its prior decision relative to Plaintiff's Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims, and the Court does so now under the *de novo* review standard.

3

### c. Review of Recommendations

As indicated above, Defendants' motion for summary judgment was based on the contention that Plaintiff failed to exhaust his administrative remedies regarding the remaining claims in this case. Magistrate Judge Stewart found that Plaintiff exhausted his administrative remedies relative to his excessive force and sexual assault claims arising from conduct occurring on October 28, 2015 in the Great Meadow MHU observation cells area, but failed to exhaust his administrative remedies with regard to his Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims, and recommended that these claims be dismissed. *See* Rep.-Rec. & Ord., at 13-19. On his motion for reconsideration, Plaintiff contends that he is relieved from the Prison Litigation Reform Act's (PLRA) exhaustion requirements because of the "imminent danger" exception contained in 28 U.S.C. § 1915(g). Plaintiff misreads § 1915(g) and the cases he cites.

The § 1915(g) imminent danger exception allows incarcerated litigants to escape the three strike rule where they are facing imminent danger of serious physical injury, *see* 28 U.S.C. § 1915(g),[3] but it does not allow a litigant to escape the PLRA's exhaustion requirements. *See Morgan v. Baker*, No. 3:08-CV-713 (JCH), 2008 WL 2568817, at *2 (D.

---

[3]Section 1915(g) provides:

*In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section* if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g)(emphasis added).

Conn. June 24, 2008),[4] *motion for relief from judgment granted in part and denied in part*, 2008 WL 4831414 (D. Conn. Nov. 5, 2008).[5] The cases Plaintiff cites do not hold otherwise. *See e.g. Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010);[6] *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009);[7] *Polanco v. Hopkins*, 510 F.3d 152, 152–54 (2d Cir. 2007).[8]

Turning to the merits, the Court adopts Magistrate Judge Stewart's conclusion that Plaintiff failed to file any grievance regarding his failure to protect claim, *see* Rep.-Rec. & Ord., at 13-14, and adopts Magistrate Judge Stewart's conclusions that Plaintiff failed to fully exhaust his grievances regarding his conditions of confinement and his medical indifference claims. *Id.*, at 14-19. Moreover, assuming that facing an imminent danger constitutes a special or exigent circumstance allowing an inmate to escape the PLRA's pre-suit exhaustion requirements, Plaintiff fails to demonstrate that he faced an imminent danger in connection with any of the remaining claims. *See Cruz v. Fischer*, 175 F. Supp.

---

[4] ("Morgan states that, under the Prison Litigation Reform Act, he can file an emergency lawsuit for injunctive relief when he is in imminent danger and argues that this provision enables him to bypass the exhaustion requirement. Morgan is mistaken. One provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that a prisoner who has had three or more cases dismissed as frivolous cannot proceed *in forma pauperis* in any future lawsuits unless the prisoner is in imminent danger of serious physical injury. This provision enables prisoners in imminent danger of serious physical injury to seek redress in the court without prepaying the filing fee. It does not permit them to bypass the exhaustion requirement.")

[5] ("[P]laintiff's Motion for Relief from Judgment . . . is GRANTED as to plaintiff's request that this action be dismissed with prejudice and DENIED as to the request for waiver of the filing fee.")

[6] (Holding that "[u]nder § 1915(g), a prisoner can proceed IFP even after incurring three strikes if his complaint alleges an 'imminent danger of serious physical injury,'" but does not address the PLRA's exhaustion requirements.)

[7] (Holding that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)," but does not address the PLRA's exhaustion requirements.)

[8] (Holding that Section 1915(g) does not violate prisoners' right of access to the courts and is not impermissibly overbroad, but does not address the PLRA's exhaustion requirements.)

3d 33, 42 (W.D.N.Y. 2016)("Plaintiff has not submitted any evidence which would lead the Court to conclude that exhaustion should be excused in this instance. In other words, Plaintiff has not submitted any credible evidence that he was justified in not filing a grievance because he feared for his life."). Accordingly, these other claims are dismissed. *See Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008)("Because Baez had not completed all steps of the inmate grievance procedure for federal prisoners prior to commencing his lawsuit, and because Baez does not allege any facts that would otherwise excuse the exhaustion requirement, the district court properly dismissed his complaint."). Dismissal is without prejudice, thereby allowing Plaintiff to refile any of the claims if he exhausts administrative remedies for the claims, or is able to present credible evidence that he faces an imminent danger from the alleged conduct underlying the claims.

### IV.    CONCLUSION

Plaintiff's motion for reconsideration (Dkt. No. 91) is **GRANTED.** The instant decision supersedes the September 20, 2018 Decision and Order (Dkt. No. 88).

For the reasons set forth above and in the September 20, 2018 Decision and Order, the Court **ACCEPTS and ADOPTS** the recommendations in the Report-Recommendation and Order (Dkt. No. 82) for the reasons stated therein. Therefore, it is hereby

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 53) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Plaintiff's Eighth Amendment failure to protect, Eighth Amendment medical indifference, and Eighth Amendment conditions of confinement claims are **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's Eighth Amendment excessive force and sexual assault claims arising from conduct occurring on October 28, 2015 in the Great Meadow Correctional Facility's Mental Health Unit (MHU) observation cells area are permitted to proceed. To the extent Plaintiff asserts an Eighth Amendment excessive force claim based on his allegations that Sgt. Bascue grabbed him by the neck and pushed his head into the wall while in an interview room in the MHU before Plaintiff was moved to the observation cells area on October 28, 2018, the claim is **DISMISSED without prejudice** for failure to exhaust administrative remedies; and it is further

**ORDERED** that Defendants Annucci, Miller, Eastman, Melecio, Nabozny, Ives, Venettozzi, and Watkins, are **DISMISSED without prejudice** from this action.

The Clerk is respectfully directed to provide copies of *Morgan v. Baker*, 2008 WL 2568817 (D. Conn. June 24, 2008) and *Morgan v. Baker*, 2008 WL 4831414 (D. Conn. Nov. 5, 2008) to Plaintiff with this Decision and Order.

**IT IS SO ORDERED.**

Dated: February 21, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge